IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD MIDDLETON | § | PLAINTIFF |
| | § | |
| v. | § CIVIL ACTION NO. 1:10CV146-LG-RHW | |
| | § | |
| AMERIQUEST MORTGAGE CO.; | § | |
| AMC MORTGAGE SERVICES; | § | |
| NATIONWIDE TRUSTEE SERVICES, | § | |
| INC.; WM SPECIALTY MORTGAGE, | § | |
| LLC; CITI RESIDENTIAL LENDING, | § | |
| INC.; AND JP MORGAN CHASE | § | |
| VASTERA, INC. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART WM SPECIALTY MORTGAGE AND
J.P. MORGAN CHASE'S MOTION TO DISMISS**

**BEFORE THE COURT** is the Motion to Dismiss [22] filed by JPM Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, (hereinafter "WM"), and JP Morgan Chase Vastera, Inc. (hereinafter "Chase"). The plaintiff, Ronald Middleton, has filed a response in opposition to the Motion, and Nationwide Trustee Services, Inc., has joined in the Motion. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss should be granted as to Middleton's fraud, intentional misrepresentation, breach of fiduciary duty, Truth in Lending Act, and Real Estate Settlement Procedures Act claims and denied in all other respects.

FACTS

On March 5, 2010, Middleton filed his First Amended Complaint in the Chancery Court of Jackson County, Mississippi, against Ameriquest Mortgage Company, AMC Mortgage Services, Nationwide Trustee Services, WM, Citi Residential Lending, Inc., and Chase. On April 1, 2010, the case was removed to this Court on the basis of federal question jurisdiction

and diversity jurisdiction.

In his Complaint, Middleton alleges that he signed a Deed of Trust for the benefit of Ameriquest Mortgage Company when he purchased his primary residence on June 13, 2002. (1st Am. Compl. at 3). His residence was damaged by Hurricane Katrina, and he received a grant check in the amount of $27,169.46 from the State of Mississippi in July of 2007. (*Id.*) The check was jointly issued to Middleton and AMC Mortgage Services. (Ex. A to 1st Am. Compl.). He claims that he contacted AMC regarding endorsement of the grant check and was informed that he owed approximately $2000 in arrearage on his mortgage. (1st Am. Compl, at 3). He states that he was told that the balance of the check would be returned to him so that he could repair his home. (*Id.*)

When he did not receive a refund from AMC, Middleton contacted the company and was told that an additional amount would be held in escrow, but he would receive a refund check in the amount of $21,000. (Id. at 3-4). He alleges that he has never received a refund check. (*Id.* at 4). On September 14, 2007, Middleton was informed that the servicing rights regarding the mortgage were transferred to Citi Residential Lending. (*Id.*) On May 5, 2008, he received notice from Nationwide Trustee Services that a foreclosure sale would be held concerning his home and that the mortgage was owned by WM. (*Id.*) He alleges that he was never notified that Nationwide would be servicing his loan or that WM owned the mortgage. (*Id.*)

Middleton sought and obtained a preliminary injunction concerning the foreclosure sale in Chancery Court. (*Id.* at 4-5). On January 7, 2009, Middleton received a bill from Chase that allegedly reflected that he had a principal balance of $50,546.52 and an escrow balance of $1913.58, with a past due amount of $12,115.85. (Ex. F to 1st Am. Compl.) Middleton claims

that this was the first notice that the mortgage was transferred to Chase. (1st Am. Compl. at 5).

Middleton claims that all of the mortgage companies and loan servicing companies that have handled his loan have wrongfully retained the grant check, while refusing to either credit the funds to his account or release the funds to him so that he can repair his home. As a result, he has asserted the following claims against them: breach of contract, intentional misrepresentation, breach of fiduciary duty, fraud, tortious breach of good faith and fair dealing, conversion, violation of the Truth in Lending Act, and violation of the Real Estate Procedures Act. He seeks an extension of the injunction preventing the defendants from foreclosing on his home, compensatory damages, and punitive damages. Chase and WM have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Nationwide has filed a joinder.

## DISCUSSION

In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly*, 127 S. Ct. at 1965. The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

**A. The Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing Claims**

WM, Chase, and Nationwide argue that Middleton's claims for breach of contract and breach of the duty of good faith and fair dealing should be dismissed because Middleton has not

alleged that a contract existed between them. However, in his Complaint, Middleton argued that "the defendants breached its [sic] contract with him by failing to credit his account for the funds it [sic] received in the amount of $27,169.46." (1st Am. Compl. at 6). Furthermore, Middleton states in his Complaint that the mortgage contract had been assigned or transferred to these defendants. (*Id.* at 4, 5). Thus, he has in fact alleged that a contract exists between himself and these defendants. In addition, these defendants concede in their Motion that a contract exists since they claim that they had a right to the grant funds pursuant to the mortgage contract. As a result, these defendants' argument is without merit.

**B. The Fraud and Intentional Misrepresentation Claims**

Rule 9(b) of the Federal Rules of Civil Procedure provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit has explained that "Rule 9(b) requires that plaintiffs plead enough facts to illustrate the 'who, what, when, where, and how' of the alleged fraud." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

In support of his fraud and intentional misrepresentation claims, Middleton states that AMC misrepresented that it would send him a refund check. Chase, WM, and Nationwide argue that the fraud and intentional misrepresentation claims should be dismissed because Middleton has not identified a misrepresentation made by them. The Court agrees. Because Middleton has not identified a misrepresentation made specifically by Chase, WM, or Nationwide, the Court finds that the fraud and intentional misrepresentation claims filed should be dismissed as to these defendants.

### C. The Breach of Fiduciary Duty Claim

Middleton withdraws his breach of fiduciary duty claim as to Chase and WM, but he has not addressed Nationwide's request for dismissal of this claim. Therefore, this Court must determine whether Middleton has stated a breach of fiduciary duty claim against Nationwide.

"A fiduciary relationship may arise in a legal, moral, domestic, or personal context, where there appears on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed." *Burgess v. Bankplus*, 830 So. 2d 1223, 1227 (¶7) (Miss. 2002) (quoting *Lowery v. Guar. Bank & Trust Co.*, 592 So. 2d 79, 83 (Miss. 1991)). The Mississippi Supreme Court has held that the mortgagor-mortgagee relationship is not a fiduciary relationship as a matter of law. *Burgess*, 830 So. 2d at 1228 (¶8). Furthermore, "the power to foreclose on a security interest does not, without more, create a fiduciary relationship." *Id.* (quoting *Gen. Motors Acceptance Corp. v. Baymon*, 732 So. 2d at 262, 270 (Miss. 1999)).

In his Complaint, Middleton asserted that the first correspondence he ever received from Nationwide was a letter notifying him of the foreclosure sale of his home. Thus, the facts pled in his Complaint do not evidence an overmastering influence on the part of Nationwide or that Middleton placed special trust and confidence in Nationwide. As a result, the Court finds that Middelton has not stated a breach of fiduciary duty claim against Nationwide.

### D. The Conversion Claim

These defendants argue that Middleton has not stated a conversion claim because they had a right to the funds pursuant to the mortgage contract. Furthermore, they argue that the funds were paid to AMC, not WM, Chase or Nationwide, and that there is no allegation that these defendants ever possessed the funds.

Under Mississippi law, ownership is a necessary element of conversion. *Bank of Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 772-73 (¶10) (Miss. 2004). Furthermore, "there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Courtney*, 884 So. 2d at 772-73.

The mortgage agreement has not been provided to the Court, and thus, the Court cannot determine whether these defendants have a right to the funds or whether they should have refunded part of the grant check so that the house could be repaired. In his Complaint, Middleton stated that the defendants have never credited the funds to his account, and he also asserts that the defendants wrongfully retain the funds. Thus, in essence, he claims that these defendants have possessed the funds. He also claims that he has not been able to repair his home due to the wrongful detention of the funds. In addition, Middleton claims that the defendants are withholding the funds and refusing to apply the funds to his account, while at the same time seeking a foreclosure. As a result, the Court finds that Middleton has stated a plausible claim for conversion.

**E. The Truth in Lending Act Claim**

Middleton alleges that the defendants have violated Regulation Z of the Truth in Lending Act (12 C.F.R. § 226.21) by failing to promptly credit his account and refund the remaining balance. These defendants argue that the one year statute of limitations expired before Middleton filed his TILA claim. In the alternative, they argue that Regulation Z applies to situations in which a credit balance occurs that exceeds the total balance due on the loan, not to situations in which a debtor pays an amount that exceeds the arrearage on the loan.

12 C.F.R. § 226.21 provides:

> When a credit balance in excess of $1 is created in connection with a transaction (through transmittal of funds to a creditor **in excess of the total balance due** on an account, through rebates of unearned finance charges or insurance premiums, or through amounts otherwise owed to or held for the benefit of a consumer), the creditor shall:
> (a) Credit the amount of the credit balance to the creditor's account;
> (b) Refund any part of the remaining credit balance, upon the written request of the customer; and
> (c) Make a good faith effort to refund to the consumer by cash, check, or money order, or credit to a deposit account of the consumer, any part of the credit balance remaining in the account for more than 6 months . . . .

(emphasis added).

In the present case, it is undisputed that the grant check did not exceed the total balance due on Middleton's mortgage. Middleton is merely seeking funds that exceeded the arrearage on his account. Regulation Z does not apply to such a situation, and therefore, Middleton has not stated a claim pursuant to Regulation Z of TILA.

## F. The Real Estate Settlement Procedures Act Claim

Middleton alleges that the defendants violated the Real Estate Settlement Procedures Act by failing to notify him that his mortgage was transferred. These defendants argue that Middleton has not stated a claim pursuant to RESPA because he has failed to allege that his loan was a "federally related mortgage loan." The Fifth Circuit has not yet addressed this issue, but courts in other jurisdictions have held that a plaintiff who does not specifically allege that his mortgage loan was a "federally related mortgage loan" in his complaint does not have standing to assert a RESPA claim and thus such claims must be dismissed. *Gardner v. First Amer. Title Ins. Co.*, 294 F.3d 991, 993 (8th Cir. 2002); *Sinclair v. United States*, No. 5:06cv179, 2007 WL 1106125 at *8 (W.D. Mich. Apr. 5, 2007).

Since Middleton has not alleged that his loan was a federally related mortgage loan, the Court finds that his RESPA claim should be dismissed. However, the Court will grant Middleton leave to file an amended complaint that alleges a proper RESPA claim, if he determines that his loan was a federally related mortgage loan.

**G. The Request for an Extension of the Injunction**

These defendants argue that the request for an extension of the injunction should be dismissed because all of Middleton's substantive claims should be dismissed. Since this Court has held that the Motion to Dismiss should be denied as to the breach of contract, breach of the duty of good faith and fair dealing, and conversion claims, the defendants are not entitled to dismissal of the request for an injunction at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [22] filed by JPM Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, and JP Morgan Chase Vastera, Inc., and joined by Nationwide Trustee Services, Inc., is **GRANTED** as to Middleton's fraud, intentional misrepresentation, breach of fiduciary duty, Truth in Lending Act, and Real Estate Settlement Procedures Act claims and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2010.

                                                      s/ *Louis Guirola, Jr.*
                                                      LOUIS GUIROLA, JR.
                                                     UNITED STATES DISTRICT JUDGE