IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD MIDDLETON** | § | **PLAINTIFF** |
| | § | |
| v. | § | **Civil Action No. 1:10cv146-LG-RHW** |
| | § | |
| **AMERIQUEST MORTGAGE CO;** | § | |
| **AMC MORTGAGE SERVICES;** | § | |
| **WM SPECIALTY MORTGAGE,** | § | |
| **LLC; CITI RESIDENTIAL** | § | |
| **LENDING, INC.; and JPMORGAN** | § | |
| **CHASE VASTERA, INC.** | § | **DEFENDANTS** |

**ORDER GRANTING MOTION TO DISMISS FILED BY AMC
MORTGAGE SERVICES AND AMERIQUEST MORTGAGE COMPANY**

BEFORE THE COURT is the Motion to Dismiss [40] filed by AMC Mortgage Services and Ameriquest Mortgage Company seeking dismissal of Ronald Middleton's breach of fiduciary duty claim, Truth In Lending Act (TILA) claim, and Real Estate Settlement Procedures Act (RESPA) claim. Middleton has filed a response to the Motion, but Ameriquest and AMC have not filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss should be granted.

**DISCUSSION**

This lawsuit arose out of the alleged mishandling of grant funds that were sent to the defendants by Middleton pursuant to his mortgage agreement. A complete discussion of the facts and allegations made in this lawsuit are included in this Court's Order Granting in Part and Denying in Part the Motion to Dismiss filed by WM Specialty Mortgage, LLC and JPMorgan Chase Vastera, Inc. [33] and are incorporated herein by reference.

In his response to the Motion to Dismiss, Middleton withdraws his breach of fiduciary duty claim, TILA claim, and RESPA claim against Ameriquest. He also withdraws his TILA claim and RESPA claim against AMC. Therefore, the only issue remaining for the Court is whether Middleton's claim of breach of fiduciary duty against AMC should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly*, 127 S. Ct. at 1965. The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

"A fiduciary relationship may arise in a legal, moral, domestic, or personal context, where there appears on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed." *Burgess v. Bankplus*, 830 So. 2d 1223, 1227 (¶7) (Miss. 2002) (quoting *Lowery v. Guar. Bank & Trust Co.*, 592 So. 2d 79, 83 (Miss. 1991)). "[A] fiduciary relationship need not be created by contract; it may arise from an informal relationship where both parties understand that a special trust and confidence has been reposed." *Lowery v. Guar. Bank & Trust Co.*, 592 So. 2d 79, 84 (Miss. 1991). Such a relationship may exist where:

> (1) the activities of the parties go beyond their operating on their own behalf, and the activities [are] for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other.

*Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 101 (¶17) (Miss. 2008). The Mississippi Supreme Court has held that "an arms-length business transaction involving a normal debtor-creditor relationship" is generally not considered a fiduciary relationship. *Union Planters Nat'l Bank, N.A. v. Jetton*, 856 So. 2d 674, 677 (¶11) (Miss. Ct. App. 2003). Furthermore, the mortgagor-mortgagee relationship is not a fiduciary relationship as a matter of law. *Burgess*, 830 So. 2d at 1228 (¶8).

Middleton asserts that AMC is a mortgage servicing company, not a mortgage company, and thus, the *Burgess* decision does not require dismissal of his claim against AMC. He argues that he relied on representations made by AMC representatives concerning the manner in which his grant check would be handled as well as promises that he would receive a refund check after the arrearage on the mortgage was paid.

The Court finds that the relationship between Middleton and AMC was the equivalent of a normal debtor-creditor relationship as well as a mortgagor-mortgagee relationship. Furthermore, the facts asserted in this lawsuit, when viewed as truthful and in the light most favorable to Middleton, do not indicate that AMC and Middleton had a common interest or that their activities were conducted for the benefit of both parties. *See Holland*, 3 So. 2d at 101. Therefore, the Court finds that Middleton's breach of fiduciary duty claim against AMC should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to

Dismiss [40] Ronald Middleton's breach of fiduciary duty claim, Truth In Lending Act (TILA) claim, and Real Estate Settlement Procedures Act (RESPA) claim against Ameriquest and AMC is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 25th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE